IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT JAMES WATSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. SA-23-CV-1457-FB |
| | § | |
| LIVE OAK POLICE OFFICE M. PEREZ, | § | |
| | § | |
| Defendant. | § | |

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The Court has considered the Report and Recommendation of United States Magistrate Judge filed in the above-captioned cause on November 18, 2024 (docket #22). On November 19, 2024, the Report and Recommendation was sent by the Office of the Clerk of Court by certified mail, return receipt requested addressed to Plaintiff Robert James Watson. A review of the United States Postal Service tracking update system on December 31, 2024, shows that as of December 19, 2024, the certified mail is being returned to sender as unclaimed.[1] To date, no objections or response to the Report have been filed.[2] The Court has reviewed the electronic docket sheet in this case and does not find a change of address notification filed by the Plaintiff.[3]

---

[1] https://tools.usps.com/go/TrackConfirmAction_input?origTrackNum=9589071052701234205466, last visited on December 31, 2024.

[2] Any party who desires to object to a Magistrate's findings and recommendations must serve and file his, her or its written objections within fourteen days after being served with a copy of the findings and recommendation. 28 U.S.C. § 635(b)(1). If service upon a party is made by mailing a copy to the party's last known address, "service is complete upon mailing ." FED. R. CIV. P. 5(b)(2)(C). If service is made by electronic means, "service is complete upon transmission." *Id*. at (E). When the mode of service is by electronic means, three days are no longer added to the time period to act after being served. *See Heverling v. McNeil Consumer Pharmaceuticals, Co.*, Civil Action No. 1:17-CV-1433, 2018 WL 1293304 at *2 n.3 (M.D. Pa. Mar. 13, 2018) ("On April 28, 2016, the Supreme Court adopted changes to the Federal Rules of Civil Procedure. In pertinent part, the Court amended Rule 6(d) to remove 'electronic means' as a mode of service triggering an additional three days to act when a responsive period commences upon service. *See* FED. R. CIV. P. 6, advisory committee's note to 2016 amendment. The amendments took effect on December 1, 2016.").

[3] The mailing address for Plaintiff used by the Clerk's Office in this case is the same address Plaintiff used on his Application to Proceed in District Court with Prepaying Fees or Costs and is the same address used by the Clerk's Office

In the Report, United States Magistrate Judge Henry J. Bemporad recommends the Plaintiff's case be dismissed pursuant to Rule 41 of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with the Court's orders, and in light of this recommendation, that Defendant's pending motion to dismiss be denied as moot. Judge Bemporad explains that the Plaintiff filed this lawsuit, *pro se*, on November 17, 2023, raising a § 1983 claim and related causes of action based on alleged false arrest from two years earlier. On May 30, 2024, Defendant filed a Motion to Dismiss these claims (docket #15), to which the Plaintiff did not respond within the 14-day time limit set by Local Rule CV-7(d)(2). Judge Bemporad then issued an order on June 16, 2024, requiring a response by July 9, 2024, and warned the Plaintiff that his failure to respond by July 9th would result in the motion to dismiss being considered as unopposed and that his failure to respond could also subject his case to be dismissed pursuant to Rule 41(b) for failure to prosecute or to comply with the Court's orders (docket #19). When the July 9th deadline passed without a response to the motion or any other filing by the Plaintiff with the Court, Judge Bemporad set the case for an in-person hearing on November 14, 2024, at which time Plaintiff was required to show cause why his case should not be dismissed for failure to prosecute or comply with the Court's orders in violation of Rule 41(b) (docket #20). The hearing was held as scheduled, and although counsel for the Defendant appeared, Plaintiff did not. Judge Bemporad explains further that Plaintiff has had no contact whatsoever with the Court, and defense counsel indicated at the hearing that she has had no contact with Plaintiff since the filing of the motion to dismiss.

Based on the foregoing, Judge Bemporad states that "Plaintiff's inaction in this case makes it 'apparent that [he] longer wishes to pursue this lawsuit.'" <u>Report and Recommendation</u>, docket

---

on March 1, 2024, to mail the Court's Show Cause Order (docket #6) to which Plaintiff responded on March 15, 2024 (docket #7).

#22 at page 3. Judge Bemporad finds that Plaintiff's "inaction warrants dismissal under Rule 41(b), as the record demonstrates that lesser sanctions than dismissal—for example, issuing an order to appear or respond—have not prompted diligent prosecution, but have instead proven futile." *Id.* In addition, even though re-prosecution of Plaintiff's § 1983 complaint may be barred by the applicable two-year statute of limitations, Judge Bemporad found dismissal is warranted here even under the Fifth Circuit's more-exacting dismissal standard, "because (1) there is a clear record of delay or contumacious conduct by Plaintiff; (2) and the record shows that lesser sanctions (for example, setting a show cause hearing) have been employed but proved futile." *Id.* at page 4.

Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review.  *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").  The Court has reviewed the Report and finds its reasoning to be neither clearly erroneous nor contrary to law.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), cert. denied, 492 U.S. 918 (1989).  The Recommendation shall therefore be accepted pursuant to 28 U.S.C. § 636(b)(1) such that Plaintiff's claims shall be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with the Court's orders and Defendant's Motion to Dismiss (docket #15) shall be DENIED AS MOOT.

Accordingly, IT IS HEREBY ORDERED that the Report and Recommendation of United States Magistrate Judge filed in this cause on November 18, 2024 (docket #22), is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that this case is DISMISSED pursuant to Federal Rule of Civil 41(b) for failure to prosecute and failure to comply with the Court's orders and Defendant's Motion to Dismiss (docket #15) is DENIED AS MOOT.  Motions pending, if any, are also DISMISSED, and this case is now CLOSED.

-4-

IT IS FURTHER ORDERED that the Clerk of Court send a copy of this Order by certified mail, return receipt requested and by regular mail to Plaintiff at his last known address.

It is so ORDERED.

SIGNED this 31st day of December, 2024.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE